UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| RAVI DEVNANI, an individual residing in Beverley Hills, Michigan d/b/a VIATECHNO<br><br>Plaintiff,<br><br>v.<br><br>DMK SOLUTIONS, INC, a Texas corporation, JEFF GRAZIOPLENE, an individual residing in Texas, SAMUEL EVANS, an individual residing in Texas<br><br>Defendants. | Civil Action No. |

## VERIFIED COMPLAINT

### PRELIMINARY STATEMENT

1. Ravi Devnani is an artist and computer scientist who created a technology system (the "System") which individuals can use to rate and review businesses on the internet. He has been working on the System for fourteen (14) years and has licensed it to many companies during this period.

2. Jeff Grazioplene, Philip Hack, Craig Shepperd, Samuel Evans and Karl Hoehn formed the entity DMK Solutions, Inc. ("DMK") for the purpose of creating an internet-based service for individuals to rate and review the automotive industry in regard to finance, service and sales people. They approached Mr. Devnani to license the System and build their website which they went on to call Agent Raider.

3. After working together for a couple of years to build the desired website, upon information and belief, the Defendants stopped paying Mr. Devnani his compensation, used the System beyond the scope of their licensing agreement, committed copyright infringement, and

1

engaged in fraud by impersonating Mr. Devnani to RackSpace, a third party cloud storage company that was used to store the System files.

4. Mr. Devnani brings this lawsuit to, among other things, obtain owed compensation under the parties' contract and to permanently enjoin DMK or its shareholders from using Mr. Devnani's proprietary software.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332 because there is complete diversity between the parties and the amount in controversy exceeds $75,000.  This Court also has jurisdiction over the subject matter of this action under 28 U.S. Code § 1331 because one or more of the actions arise under the United States Copyright Act, 17 U.S.C. §501.

6. Venue is proper in this District under 28 U.S.C. §§ 1391 because Mr. Devnani is a resident of this District, ViaTechno's principal place of business is in this District, and a substantial part of the events or omissions giving rise to these claims occurred in this District.

## PARTIES

7. Ravi Devnani, d/b/a ViaTechno, is an artist and a computer scientist.  He graduated from the University of Michigan in 1999 with a Bachelor's in Fine Arts.  He created the System.

8. DMK Solutions, Inc. ("DMK") is an S-Corporation incorporated in Texas.  The shareholders created this company to carry out the business of Agent Raider, the online rating service that licensed Mr. Devnani's System.  Its principal place of business is in the Eastern District of Texas.

9. Jeff Grazioplene is the founder and primary shareholder of DMK and resides in the Eastern District of Texas.

10. Samuel Evans is a shareholder of DMK and resides in the Eastern District of Texas.

## FACTS

### I. Background & Formation of the System.

11. Ravi Devnani, is an artist and a computer scientist. He conducts business under the name ViaTechno.

12. On or around 2003 Mr. Devnani created a technology system (the "System") which individuals can use to rate and review businesses on the internet. Mr. Devnani has been working on the System for the past 14 years.

13. Mr. Devnani makes money licensing the System to other companies. In each instance, he builds the necessary software to fit the individual company's needs but always uses the System as the basic infrastructure for this work.

14. Among many other licensees, Mr. Devnani has used the System to build review sites for Konsortina (music cataloging), TA Midwest (financial social networking software), Tele Health (similar to Agent Raider but for healthcare services), 3D Uprising (also similar to Agent Raider but for the 3D printing community), gChronicles, and MobileSalon.

### II. Mr. Devnani is Introduced to DMK and Agrees to Build their Website.

15. Jeff Grazioplene, Samuel Evans and three other friends: Craig Shepperd, Philip Hack, and Karl Hoehn had the desire to create an internet-based service for individuals to rate and review car sales people and potentially other automotive and transportation service personnel.

16. On or around early 2015 Mr. Devnani was introduced to the Defendants with the purpose of using the System to create their desired rating website.

17. The two parties agreed to work together. Under the terms of their agreement, Mr. Devnani was to be paid $2500 per month, paid bimonthly which a check for $5000 as well as ten percent (10%) of the company. In exchange, he would license the System to DMK and build the technological infrastructure for the Defendant's car sales personnel rating service as well as help them with the graphic design, logo and branding (collectively, the terms in this paragraph constitute the "Agreement"). Critically, the Agreement allowed DMK only to use the System in connection with the creation of the site for use in servicing those in the Auto and Transportation industries.

18. Jeff Grazioplene, Samuel Evans, Craig Shepperd, Philip Hack, and Karl Hoehn created the corporation DMK with the purpose of establishing this internet-based a service. These five individuals became shareholders of DMK.

19. This service would be a website called Agent Raider in which car sales people could create accounts and be rated for their service. Car shoppers could place reviews on the car sales people and search for car sales people with high reviews. Additionally, members could view the sales peoples' schedules, make appointments, and learn of the sales peoples' affiliations and experiences.

### III.  The Parties Begin to Perform Under the Agreement.

20. DMK registered for the website agentraider.com on the web hosting service Ghandi.net. They used agentraider.com for their internet-based service Agent Raider.

21. Mr. Devnani and DMK corresponded regularly throughout 2015 via phone calls, emails and text messages to discuss the specifics for the design of the Agent Raider website. Mr.

Devnani worked tirelessly to fine tune the infrastructure of his System to fit DMK's wishes and desires.

22. Because DMK wanted to offer geo-tracking capability for Agent Raider, upon Mr. Devnani's advice, on or around March, 2016 DMK created an account with RackSpace to provide the cloud hosting[1] of the Agent Raider website. Mr. Devnani maintained the administrative access to the RackSpace account as it was hosting his proprietary intellectual property (the System) limited in scope only by the industry in which DMK was working: car sales people.

**IV.  DMK Attempts to Gain Ownership of the System and Breaches the Agreement.**

23. On or around mid to late 2016 the Defendants stopped paying Mr. Devnani his compensation.

24. At this same time, DMK attempted to have Mr. Devnani sign new documents in which the entire System would become a "work for hire" and would therefore belong to DMK. Mr. Devnani refused to sign these documents because Mr. Devnani's System was his valuable proprietary intellectual property for which he always sought to retain full ownership.

25. Also around this time, Mr. Devnani learned that DMK had registered additional domain names with the apparent intent to expand the Agent Raider service beyond the auto and transportation industries without Mr. Devnani's approval to use his software in those areas. This intention went well beyond the scope of the parties' Agreement.

26. The additional websites were professionalraider.com, professionalraider.net, serverraider.com, serverraider.net, waiterraider.com, waiterraider.net, agentrater.com, agenrater.net, agentrater.org.

---

[1] Geo-tracking capabilities need to exist in the cloud and therefore Mr. Devnani could not build the site on his home server.

**V.  DMK Impersonates Mr. Devnani to Gain Full Administrative Access to the RackSpace Account and the System.**

27. On or around December, 2016, Mr. Devnani learned that DMK had called RackSpace and impersonated him in order to gain administrative access to the Agent Rider account.

28. DMK granted the highest levels of administrative access to Mr. Grazioplene and Mr. Evans and removed Mr. Devnani's access entirely by changing his password.

29. On or around December 21, 2016, Mr. Devnani alerted DMK to his knowledge of their fraudulent actions through immediate notification to the Defendants that they were in breach of their Agreement, were now using his intellectual property illegally, and must immediately cease all use of the System.

**V.  Current and Ongoing Infringement.**

30. On December 20, 2016 Mr. Grazioplene, on behalf of DMK, sent Mr. Devnani an email stating that his relationship with DMK had been terminated.

31. DMK is currently using Mr. Devnani's System, its source code, software, graphic designs and other copyrighted intellectual property to create the Agent Raider business without Mr. Devnani's permission and in breach of the Agreement.

32. DMK's Agent Raider internet-based business is no longer limited in scope to that which the parties originally discussed and contracted to.  Instead, the current Agent Raider service is not limited at all and uses Mr. Devnani's source code and intellectual property across all conceivable industries and service.

## COUNT I: BREACH OF CONTRACT (Against DMK)

33.     Mr. Devnani alleges paragraphs one through thirty-two as if they were alleged herein.

34.     DMK and Mr. Devnani entered into the Agreement, a binding an enforceable contract, in 2015.

35.     Under the terms of the Agreement, Mr. Devnani agreed to collect compensation from DMK in the amount of $5000 paid every other month plus ten percent (10%) of the value of the Agent Raider business.

36.     As part of the Agreement, DMK agreed to provide Mr. Devnani $5000 on a specific timetable of payments delivered to him every other month.

37.     In exchange for this compensation, Mr. Devnani agreed to build a specific website, hosted by RackSpace, under the URL agentraider.com with the express purpose of providing the public with a car sales personnel rating service.

38.     DMK breached the Agreement in or around the fall of 2016 by failing to pay Mr. Devnani all of the compensation due to him.  On the other hand, Mr. Devnani performed all of his obligations under the Agreement.

39.     As a result of DMK's breach, Mr. Devnani has suffered damages.

WHEREFORE, Mr. Devnani seeks entry of a judgment in its favor and against DMK in an amount to be determined at trial, a mandatory injunction requiring DMK to place the funds belonging to Mr. Devnani with the registry of the Court to prevent further injustice and preserve the status quo, restitution, and/or any other relief this Court deems just and proper

## COUNT II: COPYRIGHT INFRINGEMENT (Against DMK)

40. Mr. Devnani alleges paragraphs one through thirty-two as if they were alleged herein.

41. Mr. Devnani owns all right, title, and interest in the System, as well as any and all source code he created for the Agent Raider business, agentraider.com website or other websites or businesses inferred as under the contract is owned solely by him and he maintains all copyright protection that his creative work affords.  The source code for the System has been submitted for registration with the United States Copyright Office, as reflected by Application No. 1-4570043731.

42. DMK infringed upon Mr. Devnani's copyright by using and continuing to use the System without his permission and beyond the scope of the Agreement that was eventually breached by DMK.  In other words, by using the System outside the scope of the parties' Agreement, DMK is in breach of the Agreement and is now using the System broadly without any license.

43. DMK's conduct as set forth in this Count was done knowingly.

44. Specifically, DMK infringed upon Mr. Devnani's copyright by changing the passwords with RackSpace to prevent Mr. Devnani from accessing the account and then expanding Agent Raider to apply to all possible services and industries.

WHEREFORE, Mr. Devnani seeks entry of a judgment in his favor and against DMK in an amount to be determined at trial, a mandatory injunction requiring DMK to return all access to the RackSpace account to only Mr. Devnani and to prevent further injustice and preserve the status quo, treble damages, attorneys' fees, and any other relief this Court deems just and proper.

**COUNT III: VICARIOUS COPYRIGHT INFRINGEMENT (Against Mr. Grazioplene)**

45. Mr. Devnani alleges paragraphs one through thirty-two as if they were alleged herein.

46. Mr. Devnani owns all right, title, and interest in the System, as well as any and all source code he created for the Agent Raider business, agentraider.com website or other websites or businesses inferred as under the contract is owned solely by him and he maintains all copyright protection that his creative work affords. The source code for the System has been submitted for registration with the United States Copyright Office, as reflected by Application No. 1-4570043731.

47. DMK infringed upon Mr. Devnani's copyright by using and continuing to use the System without his permission and beyond the scope of the Agreement that was eventually breached by DMK. In other words, by using the System outside the scope of the parties' Agreement, DMK is in breach of the Agreement and is now using the System broadly without any license.

48. DMK's conduct as set forth in this Count was done knowingly.

49. Specifically, DMK infringed upon Mr. Devnani's copyright by changing the passwords with RackSpace to prevent Mr. Devnani from accessing the account and then expanding Agent Raider to apply to all possible services and industries

50. Mr. Grazioplene, as the majority shareholder of DMK, had control over the actions of the corporation.

51. Mr. Grazioplene, as the majority shareholder of DMK, gained financially by DMK's infringement of Mr. Devnani's copyright.

WHEREFORE, Mr. Devnani seeks entry of a judgment in his favor and against Mr. Grazioplene in an amount to be determined at trial, a mandatory injunction requiring Mr.

Grazioplene to return all access to the RackSpace account to only Mr. Devnani and to prevent further injustice and preserve the status quo, treble damages, attorneys' fees, and any other relief this Court deems just and proper.

**COUNT IV: VICARIOUS COPYRIGHT INFRINGEMENT (Against Mr. Evans)**

52. Mr. Devnani alleges paragraphs one through thirty-two as if they were alleged herein.

53. Mr. Devnani owns all right, title, and interest in the System, as well as any and all source code he created for the Agent Raider business, agentraider.com website or other websites or businesses inferred as under the contract is owned solely by him and he maintains all copyright protection that his creative work affords. The source code for the System has been submitted for registration with the United States Copyright Office, as reflected by Application No. 1-4570043731.

54. DMK infringed upon Mr. Devnani's copyright by using and continuing to use the System without his permission and beyond the scope of the Agreement that was eventually breached by DMK. In other words, by using the System outside the scope of the parties' Agreement, DMK is in breach of the Agreement and is now using the System broadly without any license.

55. DMK's conduct as set forth in this Count was done knowingly.

56. Specifically, DMK infringed upon Mr. Devnani's copyright by changing the passwords with RackSpace to prevent Mr. Devnani from accessing the account and then expanding Agent Raider to apply to all possible services and industries

57. Mr. Evans, as a shareholder of DMK, had control over the actions of the corporation.

58. Mr. Evans, as a shareholder of DMK, gained financially by DMK's infringement of Mr. Devnani's copyright.

WHEREFORE, Mr. Devnani seeks entry of a judgment in his favor and against Mr. Evans in an amount to be determined at trial, a mandatory injunction requiring Mr. Evans to return all access to the RackSpace account to only Mr. Devnani and to prevent further injustice and preserve the status quo, treble damages, attorneys' fees, and any other relief this Court deems just and proper.

### COUNT V: CONTRIBUTORY COPYRIGHT INFRINGEMENT
**(Against Mr. Grazioplene)**

59. Mr. Devnani alleges paragraphs one through thirty-two as if they were alleged herein.

60. Mr. Devnani owns all right, title, and interest in the System, as well as any and all source code he created for the Agent Raider business, agentraider.com website or other websites or businesses inferred as under the contract is owned solely by him and he maintains all copyright protection that his creative work affords. The source code for the System has been submitted for registration with the United States Copyright Office, as reflected by Application No. 1-4570043731.

61. DMK infringed upon Mr. Devnani's copyright by using and continuing to use the System without his permission and beyond the scope of the Agreement that was eventually breached by DMK. In other words, by using the System outside the scope of the parties' Agreement, DMK is in breach of the Agreement and is now using the System broadly without any license.

62. DMK's conduct as set forth in this Count was done knowingly.

63. Specifically, DMK infringed upon Mr. Devnani's copyright by changing the passwords with RackSpace to prevent Mr. Devnani from accessing the account and then expanding Agent Raider to apply to all possible services and industries.

64. Mr. Grazioplene knew that DMK was changing the passwords with RackSpace and expanding the Agent Raider service to beyond the scope of the Agreement.

65. Mr. Grazioplene, by being one of the individuals who called RackSpace and impersonated Mr. Devnani, he induced the copyright infringement of The System.

WHEREFORE, Mr. Devnani seeks entry of a judgment in his favor and against Mr. Grazioplene in an amount to be determined at trial, a mandatory injunction requiring Mr. Grazioplene to return all access to the RackSpace account to only Mr. Devnani and to prevent further injustice and preserve the status quo, treble damages, attorneys' fees, and any other relief this Court deems just and proper.

**COUNT VI: CONTRIBUTORY COPYRIGHT INFRINGEMENT (Against Mr. Evans)**

66. Mr. Devnani alleges paragraphs one through thirty-two as if they were alleged herein.

67. Mr. Devnani owns all right, title, and interest in the System, as well as any and all source code he created for the Agent Raider business, agentraider.com website or other websites or businesses inferred as under the contract is owned solely by him and he maintains all copyright protection that his creative work affords. The source code for the System has been submitted for registration with the United States Copyright Office, as reflected by Application No. 1-4570043731.

68. DMK infringed upon Mr. Devnani's copyright by using and continuing to use the System without his permission and beyond the scope of the Agreement that was eventually breached by DMK. In other words, by using the System outside the scope of the parties' Agreement, DMK is in breach of the Agreement and is now using the System broadly without any license.

69. DMK's conduct as set forth in this Count was done knowingly.

70. Specifically, DMK infringed upon Mr. Devnani's copyright by changing the passwords with RackSpace to prevent Mr. Devnani from accessing the account and then expanding Agent Raider to apply to all possible services and industries.

71. Mr. Evans knew that DMK was changing the passwords with RackSpace and expanding the Agent Raider service to beyond the scope of the Agreement.

72. Mr. Evans, by being one of the individuals who called RackSpace and impersonated Mr. Devnani, he induced the copyright infringement of The System.

WHEREFORE, Mr. Devnani seeks entry of a judgment in his favor and against Mr. Evans in an amount to be determined at trial, a mandatory injunction requiring Mr. Evans to return all access to the RackSpace account to only Mr. Devnani and to prevent further injustice and preserve the status quo, treble damages, attorneys' fees, and any other relief this Court deems just and proper.

### COUNT VII: FRAUD AND MISREPRESENTATION (Against DMK)

73. Mr. Devnani alleges paragraphs one through thirty-eight as if they were alleged herein.

74. In or about late 2016, DMK and its associates knowingly misrepresented their identities when they called RackSpace and impersonated Mr. Devnani in order to gain access to the administrative side of the Agent Raider business account and change each individual's access level and password.

75. Additionally, DMK intended for the RackSpace personnel to rely upon these misrepresentations.

76. RackSpace relied upon DMK's misrepresentations by allowing DMK to usurp Mr. Devnani's administrative privileges to his own intellectual property.

77. DMK's conduct as set forth in paragraphs 42-44 herein was done knowingly and with the intent to deceive Rackspace and Mr. Devnani.

78. DMK's misrepresentations resulted in damages to Mr. Devnani's intellectual property and limitations on his ability to license the System to other clients.

WHEREFORE, Mr. Devnani seeks entry of a judgment in its favor and against DMK in an amount to be determined at trial, a mandatory injunction requiring DMK to place the funds belonging to Mr. Devnani with the registry of the Court to prevent further injustice and preserve the status quo, treble damages, attorneys' fees, and any other relief this Court deems just and proper.

**COUNT VIII: FRAUD AND MISREPRESENTATION (Against Mr. Grazioplene)**

79. Mr. Devnani alleges paragraphs one through thirty-eight as if they were alleged herein.

80. In or about late 2016, DMK and *inter alia* Mr. Grazioplene knowingly misrepresented their identities when they called RackSpace and impersonated Mr. Devnani in

order to gain access to the administrative side of the Agent Raider business account and change each individual's access level and password.

81. Additionally, Mr. Grazioplene intended for the RackSpace personnel to rely upon these misrepresentations.

82. RackSpace relied upon Mr. Graziplene's misrepresentations by allowing him and his associates to usurp Mr. Devnani's administrative privileges to his own intellectual property.

83. Mr. Grazioplene's conduct as set forth in paragraphs 42-44 herein was done knowingly and with the intent to deceive Rackspace and Mr. Devnani.

84. Mr. Grazioplene's misrepresentations resulted in damages to Mr. Devnani's intellectual property and limitations on his ability to license the System to other clients.

WHEREFORE, Mr. Devnani seeks entry of a judgment in its favor and against Mr. Grazioplene in an amount to be determined at trial, a mandatory injunction requiring Mr. Grazioplene to place the funds belonging to Mr. Devnani with the registry of the Court to prevent further injustice and preserve the status quo, treble damages, attorneys' fees, and any other relief this Court deems just and proper.

**COUNT IX: FRAUD AND MISREPRESENTATION (Against Mr. Evans)**

85. Mr. Devnani alleges paragraphs one through thirty-eight as if they were alleged herein.

86. In or about late 2016, DMK and *inter alia* Mr. Evans knowingly misrepresented their identities when they called RackSpace and impersonated Mr. Devnani in order to gain access to the administrative side of the Agent Raider business account and change each individual's access level and password.

87. Additionally, Mr. Evans intended for the RackSpace personnel to rely upon these misrepresentations.

82. RackSpace relied upon Mr. Evans' misrepresentations by allowing him and his associates to usurp Mr. Devnani's administrative privileges to his own intellectual property.

83. Mr. Evans' conduct as set forth in paragraphs 42-44 herein was done knowingly and with the intent to deceive Rackspace and Mr. Devnani.

84. Mr. Evans' misrepresentations resulted in damages to Mr. Devnani's intellectual property and limitations on his ability to license the System to other clients.

WHEREFORE, Mr. Devnani seeks entry of a judgment in its favor and against Mr. Evans in an amount to be determined at trial, a mandatory injunction requiring Mr. Evans to place the funds belonging to Mr. Devnani with the registry of the Court to prevent further injustice and preserve the status quo, treble damages, attorneys' fees, and any other relief this Court deems just and proper.

### COUNT X: STATUTORY CONVERSION (Mich. Comp. Laws § 600.2919) (Against DMK)

85. Mr. Devnani alleges paragraphs one through thirty-eight as if they were alleged herein.

86. DMK wrongfully exerted and performed a distinct act of domain over Mr. Devnani's software in 2016.

87. Specifically, DMK exerted domain by changing the passwords with RackSpace to prevent Mr. Devnani from accessing and using his own intellectual property.

88. DMK's conduct as set forth in paragraphs 42-44 herein was done knowingly.

89. DMK's conversion of Mr. Devnani's intellectual property resulted in damages to it and limitations on his ability to license it to other clients.

WHEREFORE, Mr. Devnani seeks entry of a judgment in its favor and against DMK in an amount to be determined at trial, a mandatory injunction requiring DMK to place the funds belonging to Mr. Devnani with the registry of the Court to prevent further injustice and preserve the status quo, treble damages, attorneys' fees, and any other relief this Court deems just and proper.

Respectfully Submitted,<br>
/s/ Vivek Jayaram____<br>
Vivek Jayaram, Esq.<br>
Jayaram Law Group, Ltd.<br>
125 S. Clark Street<br>
17th Floor<br>
Chicago, IL 60603<br>
vivek@jayaramlaw.com<br>
Tel: 646.325.9855<br>
Counsel for the Plaintiff

VERIFICATION

I, Ravi Mr. Devnani, have read the foregoing Verified Complaint and hereby declare under penalty of perjury and in accordance with 28 U.S.C. §1746 that the foregoing is true and correct.

Executed this 14th day of March, 2017.

/s/ Ravi Devnani
Ravi Devnani